FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2015 DEC 21 AM 10: 37

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY REGINALD PEEK, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV415-218 |
| ) | CR408-221 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Having pled guilty to, and been sentenced for possession of a firearm by a convicted felon, (doc. 32 (guilty plea)[1], doc. 41 (judgment)), Anthony Peek moves under 28 U.S.C. § 2255[2] for resentencing absent an armed career criminal enhancement. Doc. 52. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

[2] Peek originally filed a form § 2255 motion (doc. 47) that he declared "should be categorized as a § 2241 Petition for Writ of Habeas Corpus." Doc. 49 at 1. Since his claims were not cognizable under that provision, the Court warned Peek that it would recharacterize his petition as one under § 2255 and that he could have it ruled on as such, dismiss it, or amend it. *See* doc. 50 at 3. Peek chose to resubmit the same motion on another § 2255 form, but without the "should be categorized" proviso that accompanied his original filing. Doc. 52. In accordance with Peek's choice, the Court is addressing his motion as one under § 2255.

Peek's Presentence Investigation Report (PSI) deemed him an "armed career criminal" under the Armed Career Criminal Act ("ACCA") based on prior convictions for the sale of cocaine, the sale of "marihuana," and burglary. 18 U.S.C. § 924(e); PSI ¶ 18. After adopting the PSI, the Court sentenced him to 180 months' imprisonment, the mandatory minimum for felon-in-possession convictions for armed career criminals. Doc. 41; PSI ¶ 48. Because he never appealed, Peek's conviction became final on March 22, 2010. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment).

Defendant filed the instant § 2255 motion more than eight years later. Doc. 47 at 12 (filed August 4, 2015). He argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), means he no longer qualifies as an armed career criminal and thus is serving a sentence beyond the applicable statutory maximum. Doc. 52 at 4. He apparently premises his motion's timeliness on the idea that *Johnson* establishes a

"retroactive right" applicable to his case. *See* 28 U.S.C. § 2255(f)(3). It does not, at least in this case.[3]

Some background: The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). Plain vanilla felon-in-possession convictions bring a maximum 10 year sentence, *see* 18 U.S.C. § 922(a)(2), while the ACCA enhancement mandates a 15 year minimum (and a maximum of life). 18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). But that "residual" clause is so vague, *Johnson* held, that it violates due process. *See* 135 S.

---

[3] In this circuit it is an open question whether *Johnson* applies retroactively in the context of a first § 2255 motion raising an ACCA residual clause claim. The Eleventh Circuit recently held that, for purposes of § 2255(h)(2) and second or successive motions, the Supreme Court has not made *Johnson* retroactively applicable. *In re Rivero*, 797 F.3d 986, 989 (11th Cir. 2015). Nevertheless, in dicta, and despite also holding that "*Johnson* does not meet the criteria the Supreme Court uses to determine whether the retroactivity exception for new substantive rules applies," *Rivero*, 797 F.3d 989, the court noted that had Rivero been "seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively." *Id.* at 991. Freeman's motion, however, does not require the Court to divine the meaning of that mixed message.

3

Ct. 2551, 2557. *Johnson*, however, said nothing about ACCA enhancements predicated on convictions for "serious drug offenses" or "violent felonies" classed as such under ACCA provisions *other than* the residual clause.[4] *See, e.g., Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of a "serious drug offense"). Enhancements based on those offenses remain valid. *See United States v. Darling*, 619 F. App'x 877, 880 n. 5 (11th Cir. 2015) ("*Johnson* . . . has no bearing" on ACCA enhancements based on serious drug offense predicates); *United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the "elements" clause of the ACCA rather than the "residual" clause survive *Johnson*).

As the PSI makes clear, Peek's sentence was enhanced because of two convictions for "serious drug offenses" and one for an enumerated offense (burglary). Those are *not* residual clause violent felonies. *See*

---

[4] Importantly, the ACCA's "serious drug offense" definition contains no language that even remotely resembles the residual clause language *Johnson* found objectionable. *See* 18 U.S.C. § 924(e)(2)(A).

4

PSI ¶ 18. Hence, even after *Johnson*, he has at least three ACCA predicate offenses and cannot obtain § 2255 relief.

It follows that Peek cannot look to § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (March 22, 2010). It ran out on March 22, 2011 (he never appealed or sought post-conviction relief before now), so his motion is untimely. Even if not, *Johnson*'s unavailability means Peek fails to state any claim for relief.[5] His sentence remains valid (no due process violation), so no grounds exist on which to rest the resentencing he seeks. *See* 28 U.S.C. § 2255(a) (those in prison on federal sentences may only move to correct their sentence if it was "imposed in violation of the Constitution or laws of the United States").

Accordingly, Peek's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA

---

[5] In this circuit, two forms of "*Johnson* unavailability" exist. To those prisoners presenting second or successive § 2255 motions, *Johnson* lacks retroactive reach and thus provides no relief. *See Rivero*, 797 F.3d at 989. But even for those presenting first motions (like Peek), *Johnson* has nothing to say about enhancements predicated on enumerated felonies or serious drug offenses.

should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED** this 21st day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA