# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

ANTHONY REGINALD PEEK,     )
                             )
     Movant,           )
                             )
v.                       )        Case No. CV416-165
                             )             CR408-221
UNITED STATES OF AMERICA,   )
                             )
                             )
     Respondent.     )

## REPORT AND RECOMMENDATION

Months ago this Court denied Anthony Reginald Peek's first 28 U.S.C. § 2255 motion on the merits.[1] CR408-221, doc. 53, *adopted*, doc. 56, *certificate of appealability denied*, doc. 1571, *reconsideration denied*, doc. 1571 (11th Cir. Mar. 6, 2015). In this, his second § 2255 motion, doc. 1639, he seeks to exploit the new rule announced in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by *Welch v. United States*, ___ U.S. ___, 136 S. Ct. 1257 (2016), and triggering a wave of successive § 2255 filings. *See In re Fleur*, ___ F.3d ___, 2016 WL

---

[1] That constituted a ruling on the merits. *See Boykin v. United States*, 592 F. App'x 809, 812 (11th Cir. 2014) (third § 2255 motion was successive because claim regarding vacated state conviction existed when second motion to vacate was filed, and district court had denied that claim as untimely); *United States v. Mitchell*, 2015 WL 5635001 at * 2 (N.D. Fla. Aug. 20, 2015).

3190539 (11th Cir. June 8, 2016), *In re Hines*, ___ F.3d ___, 2016 WL 3189822 (11th Cir. June 8, 2016), and *In re Ricardo Pinder, Jr.*, ___ F.3d ___, 2016 WL 3081954 at * 1 (11th Cir. June 1, 2016).

Some of those successive-writ movants have succeeded in knocking on the appellate court's door. *See, e.g., In re Hubbard*, ___ F.3d ___, 2016 WL 3181417 at *7 (June 8, 2016) ("Because application of *Johnson* to § 16(b) as incorporated into the Sentencing Guidelines might render the career-offender residual clause that was applicable at the time Hubbard was sentenced unconstitutional, and because the rule in *Johnson* is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively, this Court grants Hubbard's request for authorization to file a successive § 2255 motion.").

Peek, too, must knock on the Eleventh Circuit's door, *see In re Williams*, ___ F.3d ___, 2016 WL 3460899 (11th Cir. June 24, 2016); *In re Colon*, No., ___ F.3d ___, 2016 WL 3461009 (11th Cir. June 24, 2016); *In re Robinson*, ___ F.3d ___, 2016 WL 1583616 (11th Cir. Apr. 19, 2016), even though this Court basically denied him relief in his first § 2555 motion on what appears to be the same legal grounds that he raises now. *See* doc. 49 at 4; doc. 53 at 4-6. And indeed, he has. *In re Peek*, 16-13526

(11th Cir. June 13, 2016) (his successive § 2255 application). Evidently, he was unsure where to seek relief and thus has opted to make a protective filing here. Doc. 59.

Given the time constraints illuminated by the *Robinson* concurrence, 2016 WL 1583616 at * 2 ("As best I can tell, all the prisoners we turned away may only have until June 26, 2016, to refile applications based on *Johnson*."), the Clerk should be **DIRECTED** to simply transfer his June 18, 2016 signature-filed § 2255 motion (doc. 59 at 12) directly to that court for *nunc pro tunc* filing.[2] Upon such transfer, the Probation Office shall file any Presentence Investigation Report under seal. While this all may be redundant, transfer ensures that any

---

[2]  Statutory authority exists for this:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631, quoted in *Wainwright v. United States*, 2016 WL 3452551 at * 2 n. 3 (S.D. Fla., June 24, 2016); *see also id.* at * 2 n. 2 ("In accordance with 28 U.S.C. § 1631, the Clerk shall TRANSFER this action to the United States Court of Appeals for the Eleventh Circuit. This Court respectfully requests that the Eleventh Circuit treat Movant's motion as an application for leave to file a second or successive § 2255 motion.").

claim (or unique spin on one) raised here and but not in *Peek* will be placed before the Eleventh Circuit. Plus, transfer clears the motion from this Court's docket.

To that end, Peek's "Motion For Stay and Abeyance" (doc. 60) is **DENIED** as unnecessary (he has already met the June 26, 2016 deadline and his successiveness application awaits the Eleventh Circuit's ruling).

**SO REPORTED AND RECOMMENDED,** this ⟨29th⟩ day of June, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA