# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTHONY REGINALD PEEK, )
)
    Movant, )
)
v. ) Case No. CV416-165
) CR408-221
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

The Eleventh Circuit granted Anthony Reginald Peek leave to file a successive 28 U.S.C. § 2255 motion because he made a prima facie showing, based on *Johnson v. United States*, 576 U.S. \_\_\_, 135 S. Ct. 2551 (2015), that his motion relied on "'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'"[1] *In re Peek*, No. 16-13526-J (11th Cir.

---

[1] Peek seeks to exploit Johnson's holding, made retroactive by *Welch v. United States*, \_\_\_ U.S. \_\_\_, 136 S. Ct. 1257 (2016), that provides enhanced penalties for defendants who are (1) convicted of being felons in part of the Armed Career Criminal Act -- the "residual clause" definition of violent felony -- is unconstitutionally vague. He claims that, under *Johnson*, he lacks the three predicate offenses necessary to trigger an ACCA enhanced sentence.

July 18, 2016) (quoting 28 U.S.C. § 2255(h)(2)), filed on this Court's docket, CR408-221, doc. 64. The Government contends that Peek fails to meet § 2255(h)(2)'s "previously unavailable" claim requirement because this Court had, months before the *Peek* panel granted his successive § 2255 application, already resolved his *Johnson* claim against him in a § 2255 ruling that he'd sought in August 2015, doc. 47 at 4 (raising *Johnson* as a claim). Then this Court had ruled: "As the PSI makes clear, Peek's sentence was enhanced because of two convictions for 'serious drug offenses' and one for an enumerated offense (burglary). Those are not residual clause violent felonies."[2] Doc. 53 at 4, *adopted*, doc. 55 & 56.

Rather than appeal that ruling, Peek filed essentially the same § 2255 motion within a successiveness application to the Eleventh Circuit, *In re Peek*, No. 16-13526 (11th Cir. June 13, 2016). It granted his application because, upon preliminary (hence, non-substantive) review, Peek's prior Georgia convictions appeared problematic: burglary, drug

---

[2] *Johnson* found only the "residual clause" of 18 U.S.C. § 924(e)(2)(B) to be constitutionally infirm; those who have 3 or more prior convictions for "serious drug offenses," or the enumerated offenses of burglary, arson, extortion, or explosives offenses, or offenses requiring as an *element* of the use of physical force against another, continue to face an enhanced sentence under the ACCA. *Johnson*, 135 S. Ct. at 2563.

distribution, drug sale, and shoplifting. Doc. 64 at 3. The shoplifting conviction did not constitute an ACCA predicate and Peek had demonstrated that his burglary conviction may be based on the now-invalid residual clause. *Id.*

The *Peek* panel then applied *In re Rogers*, 825 F.3d 1335 (11th Cir. 2016), which held that "[w]hen the record does not make clear that the sentencing court relied solely on the ACCA's still-valid provisions to classify each predicate offense and binding precedent does not otherwise demonstrate that only valid ACCA clauses are implicated, we apply *Descamps*."[3] Doc. 64 at 3-4 (footnote omitted) (quoting *Rogers*, 825 F.3d at 1337).

---

[3] *Descamps* held that a conviction under what's known as a "nongeneric, indivisible criminal statute" categorically cannot qualify as an ACCA predicate offense. *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 2285-86 (2013). It also held that a sentencing court may not consider extra-statutory materials of the sort approved by the Supreme Court under the "modified categorical approach" developed in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), when determining whether a conviction under an "indivisible" criminal statute qualifies as an ACCA predicate offense under § 924(e)(2)(B)(ii)'s enumerated-crimes clause. *Descamps*, 133 S. Ct. at 2285-86.

For an example of a "divisible" state statute that authorized a court to modify the categorical approach that the ACCA requires and thus consult "extra-statutory materials" to determine which state criminal statute's component formed the basis of a defendant's prior conviction, *see United States v. Alfaro*, ___ F.3d ___, 2016 WL 4501950 at * 2 (4th Cir. Aug. 29, 2016); *see also id.* ("The record in this case includes Alfaro's state-court indictment and jury instructions, both of which are within the universe of documents that we may consult. *See Shepard v. United States*, 544 U.S. 13, 20-21 (2005))."); *see also Rogers*, 825 F.3d at 1337 n. 1 (reminding that it "would

The Government raises a § 2255(h)(2) authorization (hence, jurisdictional) argument which itself is premised on finality policy: This Court has no authority to reach Peek's latest § 2255 motion, notwithstanding the *Peek* panel's approval, because Peek merely re-presents a claim that he cannot show was previously "unavailable" to him within the meaning of § 2255(h)(2) (requiring movant to present a claim that was, *inter alia*, "previously unavailable"). The Government reminds that Peek had a *Johnson* claim, presented it here, lost, took no appeal, and now simply wants to re-litigate its merits.[4] Doc. 69 at 3-5. Section 2255(h)(2), the Government concludes, strips this Court of authority to hear that claim again. And, it further reminds, the Eleventh Circuit's successiveness grant is not binding. *Id.* at 3 (citing *In re Moore*, ___ F.3d ___, 2016 WL 4010433 at * 2 (11th Cir. July 27, 2016)).[5]

---

not need to apply *Descamps* if the sentencing court relied upon three qualifying serious drug offenses to impose the ACCA enhancement.").

[4] Incidentally, he disclosed this Court's ruling to the Eleventh Circuit, *Peek*, No. 16-1352, 6/13/16 Application at 2-3, but the *Peek* panel made no reference to it.

[5] The *Moore* court emphasized that a successiveness grant is but a limited determination, so district courts must decide anew whether a § 2255 movant has satisfied the statutory successiveness requirements; only after the district court has done that should it reach the § 2255 motion's merits. *Moore*, 2016 WL 4010433 at *3.

4

While the Government does not cite to it, the Eleventh Circuit also has recently ruled that

> [u]nder 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under [28 U.S.C] section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). We have held that § 2244(b)(1)'s mandate applies to applications for leave to file a second or successive § 2255 motion. *In re Baptiste*, No. 16–13959, manuscript op. at 3–4, ___ F.3d ___, ___, 2016 WL 3752118 (11th Cir. July 13, 2016). We also have held that a prisoner may not file "what amounts to a motion for reconsideration under the guise of a separate and purportedly 'new' application" when the new application raises the same claim that was raised and rejected in the prior application. *Id.* at 5, ___ F.3d at ___.

*In re Jones*, ___ F.3d ___, 2016 WL 4011143 at * 1 (11th Cir. July 27, 2016); *see also In re Parker*, ___ F.3d ___, 2016 WL 4206373 at * 1 (11th Cir. Aug. 10, 2016) ("Under *In re Baptiste*, a later request of a prisoner who has previously filed a request for authorization to file a second or successive petition based on the same claim must be dismissed. Because Parker has already filed a request presenting a claim based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L.Ed.2d 569 (2015), we must dismiss his current request, regardless of its merit, since it raises the same claim as his first request.").[6] Per *Jones* and *Parker*, the

---

[6] Some Eleventh Circuit judges have dissented from this result. A recent panel majority responded:

5

Government prevails on this argument, which dooms Peek's § 2255 motion.

There is another obstacle for Peek to overcome, and that has to do with whether *Descamps*[7] may be applied in the manner that Peek's successiveness panel originally thought. The court in *Ziglar v. United States*, ___ F. Supp. 3d ___, 2016 WL 4257773 (M.D. Ala. Aug. 11, 2016),

---

> Some decisions from our Court following *Baptiste* as binding precedent have also included special concurrences or dissents suggesting that *Baptiste* may have been wrongly decided. The central theme of these separate opinions is their contention that § 2244(b)(1)'s prohibition of a repeat filing based on a claim previously rejected applies only to § 2254 petitions, not to § 2255 motions. Further, as this argument goes, even if § 2244(b)(1) does apply to § 2255 motions, it applies only to claims actually raised in a § 2255 motion in the district court, not claims repeatedly raised in applications for certification by this Court to file a successive § 2255 motion. *See In re Anderson*, ___ F.3d ___, ___ - ___, 2016 WL 3947746, at *4–5 (11th Cir. 2016); *see also In re Clayton*, —– F.3d ——, ——, 2016 WL 3878156, at *9 (11th Cir. 2016). Yet, as cogently and persuasively explained in *Baptiste*, the above argument fails on both counts. See *Baptiste*, 2016 WL 3752118, at *2.

*In re Bradford*, ___ F.3d ___, 2016 WL 4010437 at * 2 (11th Cir. July 27, 2016).

[7] Recall that under *Descamps*, a conviction under what's known as a "nongeneric, indivisible criminal statute" categorically cannot qualify as an ACCA predicate offense. 133 S. Ct. at 2285-86. A sentencing court thus may not consider extra-statutory materials of the sort approved by the Supreme Court under the "modified categorical approach" developed in *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005), when determining whether a conviction under an "indivisible" criminal statute qualifies as an ACCA predicate offense under § 924(e)(2)(B)(ii)"s enumerated-crimes clause. *Descamps*, 133 S.Ct. at 2285-86.

In another, somewhat similar successiveness application case, *In re Rogers*, 825 F.3d 1335 (11th Cir. 2016), the Eleventh Circuit noted that it "would not need to apply *Descamps* if the sentencing court relied upon three qualifying serious drug offenses to impose the ACCA enhancement." *Id.*, at 1338 n. 4.

raised the question whether *Johnson* claimants like Peek must -- per § 2255(h)(2) -- present both to the Eleventh Circuit, and *again* to the district court after a successiveness grant, "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2255(h)(2). The Eleventh Circuit granted § 2255 movant Ziglar's *Johnson*-based successiveness application and, subsequently before the district court, the Government conceded Ziglar's *Johnson* claim, thus enabling his likely release from prison. *Ziglar*, 2016 WL 4257773 at *1.

But the *Ziglar* court posed this question: What if one must apply *Descamps* to advance a *Johnson* claim, and *Descamps* itself is not retroactively applicable to second (successive) § 2255 motions? It answered that question while undertaking an independent examination of the claim, and placed the burden on Ziglar to show his entitlement to relief under *Johnson*.[8] *Ziglar*, 2016 WL 4257773 at * 1. Concluding that Ziglar did not, the court explored the *Descamps* retroactivity factor:

---

[8] *But see Wiggan*, 2016 WL 4179838 at * 5 ("It is the government's burden to establish whether a prior conviction qualifies under [18 U.S.C. §] 924(e)(2). *See United States v. Rosa*, 507 F.3d 142, 151 (2d Cir. 2007) (quoting *United States v. Brown*, 52 F.3d 415, 425 (2d Cir. 1995)). If the government meets that burden, the conviction is referred to as a 'qualifying conviction.'").

> Ziglar has failed to demonstrate that at the time of sentencing his Alabama convictions for third-degree burglary qualified as violent felonies only under the ACCA's residual clause and not under the enumerated-crimes clause and that, therefore, Ziglar's convictions do not fall within the scope of *Johnson*. Furthermore, Ziglar cannot use *Johnson* to litigate a *Descamps* issue because *Descamps* is not a new rule of constitutional law within the meaning of § 2255(h)(2), and the government cannot waive the non-retroactivity of *Descamps* because § 2255(h)(2) is jurisdictional. Because Ziglar has not demonstrated that his ACCA-enhanced sentence falls within the scope of *Johnson*, Ziglar has not satisfied § 2255(h)(2)'s criteria, and his § 2255 motion is due to be denied.

*Ziglar*, 2016 WL 4257773 at *1.

Ziglar's successiveness-screening panel had simply presumed that the *Descamps* component of the claim was sound.[9] But, the district court reminded, Ziglar was proceeding a second time under § 2255, so he first "had to persuade a panel of the Eleventh Circuit that his application makes a "prima facie showing," § 2244(b)(3)(C), that it contains 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' § 2255(h)(2)." *Ziglar*, 2016 WL 4257773 at * 3. The successiveness panel did find that Ziglar "had made 'a *prima facie* showing that *Johnson* makes his ACCA

---

[9] Here, likewise, Peek's screening panel presumed that Peek's burglary conviction may not survive *Descamps* analysis. *Peek*, No. 16-13526-J, doc. 64 at 4 (noting that the sentencing judge never said that he counted Peek's burglary conviction under the enumerated or elements clause, so "we must turn to *Descamps*" and, "[b]ecause we do not have any binding precedent holding that the underlying statute is divisible under *Descamps*, Peek has met his [successiveness] burden at this stage.").

8

sentence unlawful because his state [third-degree burglary] convictions no longer count under any of ACCA's definitions of 'violent felony.'" *Id.* at * 4. But that ruling was based on the premise that *Descamps* "'applie[s] retroactively on collateral review, [and thus] appears to govern Ziglar's § 2255 proceedings.'" *Id.* (quoting the *Ziglar* panel). For that premise the panel relied on *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014), and *Mays v. United States*, 817 F.3d 728 (11th Cir. 2016). Yet, after that panel ruled, the law changed:

> After the entry of the Ziglar panel's unpublished order but prior to the filing of Ziglar's second § 2255 motion, the Eleventh Circuit ruled in three published decisions on inmates' applications for authorization to file successive § 2255 motions, that, "while *Descamps* is retroactive for a first § 2255 motion . . . [it] is *not* retroactive for purposes of a second or successive § 2255 motion." *In re Hires*, [825 F.3d 1297, 1298 (11th Cir. 2016)] (citing *In re Griffin*, 823 F.3d 1350, 1356 (11th Cir. 2016), and *In re Thomas*, 823 F.3d 1345, 1349 (11th Cir. 2016)). . . . [T]he Ziglar panel's finding that *Howard's* application of *Descamps* applies retroactively to Ziglar's second § 2255 motion has been called into question based upon the subsequent published rulings in *Thomas*, *Griffin*, and *Hires*. These published decisions compel the conclusion that Ziglar has not satisfied § 2255(h)(2)'s narrow requirements for filing a second or successive § 2255 motion and that the motion must be dismissed for lack of jurisdiction.

*Ziglar*, 2016 WL 4257773 at * 4 (emphasis added). Hence, Ziglar could not rely on *Descamps* to establish a *Johnson* claim for purposes of satisfying Section 2255(h)(2)'s requirements. The court thus dismissed

9

Ziglar's § 2255 motion as successive because at the time he was sentenced, his prior convictions for third-degree burglary qualified as violent felonies under the ACCA's enumerated clause. *Id.* at * 14.

Because Peek's *Johnson* claim is that he was sentenced under the residual clause, and that, in turn, depends on whether *Descamps* applies retroactively, his § 2255 motion is doomed on these additional grounds. *Leone v. United States*, ___ F. Supp. 3d ___, 2016 WL 4479390 at *10 (S.D. Fla. Aug. 24, 2016); *King v. United States*, 2016 WL 4487785 at * 10 (S.D. Fla. Aug. 24, 2016).

Accordingly, the Court should **DENY** Anthony Reginald Peek's 28 U.S.C. § 2255 motion, doc. 66. The Court **DENIES** his extension of time motion, doc. 71,[10] as well as his motion to appoint counsel. Doc. 70.

**SO REPORTED AND RECOMMENDED**, this __14th__ day of September, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[10] He is free to fold any additional arguments he wants into his Fed. R. Civ. P. 72(b)(2) Objections.